UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STACY N. LILLEY,

                          Plaintiff,                          **COMPLAINT**


-VS-                                                    Civil Action No.:

MEDICAL MOTOR SERVICE OF ROCHESTER
& MONROE COUNTY, INC.,

                          Defendant.
_____


The Plaintiff, Stacy N. Lilley ("Lilley" or "Plaintiff"), by and through her

attorney, The Cimino Law Firm, PLLC, Michelle Y. Cimino, Esq. of Counsel, as and for

her Complaint, respectfully alleges as follows:

### JURY TRIAL DEMANDED

Plaintiff demands a jury to try all claims triable by a jury.


### NATURE OF THE CASE

1.      This is a civil action seeking damages for discrimination based upon race

and gender and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C.  §2000e *et. seq.* and the New York State Human Rights Law

("NYSHRL"),  N.Y. Exec. Law § 290 *et. seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e -5(f) and 28 U.S.C. §1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to adjudicate the Plaintiff's state law claims.

3.      Venue in this District is proper pursuant to 42 U.S.C. §2000-e 5(f) and 28 U.S.C. § 1391.

4.      The employment practices alleged in this Complaint to be unlawful were committed in the Western District of New York.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

5.       The Plaintiff filed a charge of discrimination with the New York State Division of Human Rights on November 15, 2017 and that charge was also filed with the Equal Employment Opportunity Commission ("EEOC"). (EEOC Charge No.: 16G-2018-00709).

6.      On April 17, 2018, the EEOC issued A Right to Sue Notice.  Less than ninety (90) days have elapsed since the Plaintiff's receipt of the Right to Sue Notice and the date this action was filed.  A copy of the EEOC Right to Sue Notice is attached as **Exhibit A**.

## PARTIES

7.      The Plaintiff resides in Monroe County and, at all relevant times, the Plaintiff was employed by Medical Motor Service of Rochester & Monroe County, Inc. ("MMS" or "Defendant").  At all relevant times, the Plaintiff was an "employee" within the meaning of Title VII and the NYSHRL.

8.      The Plaintiff is an African American female.

9.      Upon information and belief, at all relevant times, the Defendant was a corporation doing business in Monroe County, New York.

10.      At all relevant times, the Defendant was an "employer" within the meaning of Title VII and the NYSHRL.

11.      At all relevant times, the Defendant was engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar years during which the Plaintiff was an employee.

**FACTS**

12.      The Plaintiff was employed full-time  by the Defendant as a Call Taker for approximately seventeen (17) years at the time of her termination on or about November 14, 2017.

13.      Starting on or about August 2, 2017, Operations Supervisor, Paige Smith, ("Smith") and Executive Director, Damon Mustaca, ("Mustaca") began engaging in a sexual relationship in the workplace during working hours.

14.      On or about August 2, 2017, a futon was delivered to Mustaca's office during working hours.

15.      Starting in August of 2017, Mustaca and Smith engaged in sexual acts in Mustaca's office.  The Plaintiff, as well as other employees, heard moaning and other indicators of sexual acts between Smith and Mustaca on a continuous basis.

16.      From August of 2017 through November of 2017, the Plaintiff, as well as other employees, witnessed Mustaca direct overt sexual gestures toward Smith such as sticking his tongue between his fingers in a "V" formation to simulate oral sex.

17.    During all relevant times, the Plaintiff was the only African American employee in the Call Center.

18.    Smith made racially biased statements in the presence of the Plaintiff.  Smith continuously stated that her grandmother called African Americans "niggers"  and laughed about it.

19.    The Plaintiff continuously complained to Human Resources regarding the blatant sexual acts between Smith and Mustaca together with  Smith's racially based statements.

20.     After the Plaintiff exercised her right to oppose a sexually hostile work environment, race and gender discrimination, the Defendant subjected the Plaintiff to a heightened level of scrutiny regarding her job performance despite her lengthy tenure and unblemished record.  In particular, the Defendant manufactured negative performance reviews and mandated that she submit to repeated drug tests even though the Defendant was aware that the Plaintiff was undergoing pain management treatments as an ovarian cancer survivor.

21.     After the Plaintiff engaged in protected activity by opposing a sexually hostile work environment, race and gender discrimination, Smith often changed the Plaintiff's time sheets and, ultimately, the Defendant terminated the Plaintiff.

22.    After the Plaintiff's termination, an anonymous letter was sent to the Plaintiff's home and members of the Board of Directors confirming Smith and Mustaca were continuing to have sex in the workplace by providing a flash drive with audio and visual evidence of Smith sneaking into Mustaca's office; sexual noises coming from Mustaca's office, conversations regarding cheating on their spouses, etc.

23.    The evidence provided to the Board further confirms Smith and Mustaca were making fun of an autistic individual calling him a "retard."

24.    This evidence corroborated the Plaintiff's complaints regarding a substantial portion of the illegal conduct at issue.


**FIRST CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF SEX AND RACE**
**VIOLATION OF TITLE VII**

25.    The Plaintiff repeats and realleges by reference each and every allegation set forth above and incorporates the same as though fully restated.

26.    The Defendant terminated the Plaintiff's employment and discriminated against the Plaintiff with respect to other terms, conditions, and privileges of employment because of the Plaintiff's sex and race and opposition to sexual harassment and/or sexual acts in the workplace as well as racially based statements from management.

27.    The Defendant had actual and constructive knowledge of the conduct described in this Complaint but failed to take any remedial action to put an end to the discrimination/sexual harassment at issue.

28.    The Defendant's conduct constitutes a violation of Section 703 of Title VII.

29.    As a direct and proximate result of the Defendant's willful, knowing and intentional discrimination against her, the Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

30.    The Plaintiff is thereby entitled to general and compensatory damages in

an amount to be proven at trial.

31.     As a further and proximate result of the Defendant's violations of Title VII, the Plaintiff has been compelled to retain the services of legal counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.  Accordingly, the Plaintiff requests an award of attorney fees.

32.     The Defendant's conduct was malicious and oppressive, and done with a conscious disregard of the Plaintiff's rights.  The acts were performed with a knowledge of an employer's economic power over its employees.  The Defendant ratified the unlawful conduct of its employees in this action.  Consequently, the Plaintiff is entitled to exemplary damages from the Defendant.

**SECOND CAUSE OF ACTION**
**UNLAWFUL RETALIATION**
**TITLE VII**

33.     The Plaintiff repeats and realleges by reference each and every allegation set forth above and incorporates the same as though fully restated.

34.     The Plaintiff engaged in protected activity under Title VII by opposing the Defendant's discriminatory practices.

35.     The Defendant was aware of the Plaintiff's protected activity.

36.     The Defendant retaliated against the Plaintiff because she engaged in protected activity.

37.     The Defendant's conduct constitutes a violation of Section 704 of Title VII.

6

38.     As a direct and proximate result of the Defendant's willful, knowing and intentional retaliation against her, the Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

39.     The Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

40.     As a further and proximate result of the Defendant's violations of Title VII, the Plaintiff has been compelled to retain the services of legal counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.  Accordingly, the Plaintiff requests an award of attorney fees.

41.     The Defendant's conduct was malicious and oppressive, and done with a conscious disregard of the Plaintiff's rights.  The acts were performed with a knowledge of an employer's economic power over its employees.  The Defendant ratified the unlawful conduct of its employees in this action.  Consequently, the Plaintiff is entitled to exemplary damages from the Defendant.


### THIRD CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF SEX AND RACE
### NYSHRL

42.     The Plaintiff repeats and realleges by reference each and every allegation set forth above and incorporates the same as though fully restated.

43.     The Defendant's conduct as described in this Complaint, constitutes a

violation of Section 296(1)(a) of the NYSHRL.

44.    As a direct and proximate result of the Defendant's willful, knowing and intentional discrimination against her, the Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL RETALIATION**
**NYSHRL**

45.    The Plaintiff repeats and realleges by reference each and every allegation set forth above and incorporates the same as though fully restated.

46.    The Defendant's conduct as described in this Complaint, constitutes a violation of Section 296(7) of the NYSHRL.

47.    As a direct and proximate result of the Defendant's willful, knowing and intentional retaliation against her, the Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

**WHEREFORE,** the Plaintiff, Stacy N. Lilley, demands judgment against the Defendant:

 a. Adjudging and declaring that the Defendant violated Title VII and the NYSHRL as described in this Complaint;

 b. Awarding the Plaintiff back pay, interest, benefits and other emoluments of employment;

c.   Awarding the Plaintiff front pay and benefits;

d.   Awarding the Plaintiff compensatory damages in an amount to be determined upon the trial of this action;

e.   Awarding the Plaintiff punitive damages in an amount to be determined upon a trial of this action;

f.   Awarding the Plaintiff reasonable attorney's fees, including litigation expenses and costs; and

g.   Awarding the Plaintiff  such other relief as the Court deems just and proper.

Date:  July 16, 2018

**THE CIMINO LAW FIRM, PLLC**

**/S/ MICHELLE Y. CIMINO**
Michelle Y. Cimino, Esq.
*Attorney for the Plaintiff, Stacy N. Lilley*
855 Publishers Parkway
Webster, New York 14580
(585) 347-6200
mcimino@cimino-law.com